UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PEOPLE'S UNITED EQUIPMENT FINANCE CORP., §
§
*Plaintiff*, §
§
v. § CIVIL ACTION H-16-3657
§
LENN WATERS MORRIS, *et al.*, §
§
*Defendants*. §

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff People's United Equipment Finance Corp.'s ("People's United") motion for default judgment against defendant Ricky Dean Freeman. Dkt. 10. Based on a review of the complaint, motion, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

People's United sued third-party guarantors to collect unpaid amounts due under a financing agreement between People's United and Forest Energies, LLC. ("Forest"). Dkt. 1. On January 8, 2016, Forest executed and delivered a promissory note to People's United for $590,940.00. Dkt. 1, Ex. 1. The note required Forest to repay People's United in monthly installments. *Id.* Additionally, the note and corresponding loan documents provided for acceleration of all indebtedness if Forest defaulted. *Id.*

On January 8, 2016, Freeman and defendant Lenn Waters Morris each signed and delivered guaranties of Forest's obligations to People's United. Dkt. 1, Ex. 2. Both provide that each defendant "agrees to be directly and unconditionally liable to [People's United], without reduction by reason of any claim, defense, setoff, [or] counterclaim . . . for the due payment and performance

of [the obligations of Forest to People's United.]". *Id.* The guaranties included terms that limited the defendants' release until the obligations of Forest to People's United had been fully paid and performed with interest. *Id.* The guaranties further stipulated that the defendants would pay People's United's reasonable attorneys' fees, together with any and all court costs and expenses, in enforcing the guaranties. *Id.*

Forest defaulted by not making required payments. Dkt. 1 ¶ 17. Then, on November 18, 2016, Forest filed Chapter 11 bankruptcy, an act which constitutes a default under the loan. *Id.* ¶ 19. After the defaults, People's United exercised its option to accelerate Forest's unpaid balance, $487,015.64. *Id.* ¶ 20. This balance is further subject to continuing interest according to the loan contract. *Id.*, Ex. 1.

Under the security agreement with Forest, People's United had a security interest in Forest's equipment. Dkt. 10, Ex. 1. On April 4, 2017, People's United sold the equipment at a public sale for a gross price of $257,000, which People's United contends was the reasonable market value of the equipment. *Id.* People's United asserts that it credited Forest the net proceeds derived from the sale. *Id.* Now, People's United argues the aggregate balance due is $249,063.09. *Id.*

On December 14, 2016, People's United sued Freeman and Morris for the outstanding balance of the notes, along with interest, attorneys' fees, and costs of court. Dkt. 1. On December 20, 2016, Freeman was properly served with process. Dkt. 5. Freeman's deadline to answer or otherwise respond was January 10, 2017. *See* Fed. R. Civ. P. 12(a). Morris has not yet been served with process. Freeman was informed of his deadline for responding and the consequences of failing to do so. Dkts. 3, 5. To date, Freeman has not answered or responded to this lawsuit. Dkt. 10.

On August 2, 2017, People's United filed a motion for default judgment against Freeman. *Id.* Pursuant to the Local Rules of the Southern District of Texas, People's United served this

motion for default judgment upon the defendants via certified mail, with return receipt requested. *Id.*; *see also* S.D. Tex. L.R. 5.5. People's United has filed a military affidavit for Freeman that complies with the Servicemembers' Civil Relief Act, 50 U.S.C App. § 521. Dkt. 10, Ex. 3.

## II. LEGAL STANDARD AND ANALYSIS

### A. Default Judgment

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. P. 4(c)(1). Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5.

A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.*

Freeman has failed to plead or otherwise defend against this lawsuit. Further, People's United has properly served Freeman with this lawsuit under the Federal Rules of Civil Procedure and

with this motion for default judgment under the Local Rules. Dkt. 5; Dkt. 10. Given Freeman's failure to answer the complaint in a timely manner, the court may enter default against Freeman, accept all well-pleaded facts in People's United's complaint as true, and award the relief sought by People's United in this action. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

People's United alleges that Freeman entered into a guaranty agreement and assumed direct and unconditional liability for all of Forest's obligations to People's United. Dkt. 1. Further, People's United alleges that Freeman's failure to pay Forest's obligations constitutes a breach of the guaranty. *Id.* People's United claims it is owed $249,063.09 under the guaranty and corresponding loan agreement, plus interest, attorneys' fees, and costs. *Id.* As evidence of Freeman's obligation, People's United provides a signed copy of the guaranty agreement. Dkt. 1, Ex. 2. People's United also provides an affidavit as evidence of damages. Dkt. 10, Ex. 1. Additionally, People's United provides an affidavit as evidence of relevant attorneys' fees accrued in pursuing this action. Dkt. 10, Ex. 2.

The court finds that People's United's facts regarding the claim are well pled, and the court accepts these facts as true. The court finds that an entry of default against the defendants for their failure to appear and answer People's United's complaint is warranted. Accordingly, People's United's motion for default judgment (Dkt. 10) is GRANTED.

**B.    Damages**

People's United seeks (1) judgment in the amount of $249,063.09; (2) post-judgment interest at the contractual default rate of 18%; (3) prejudgment interest at the contractual default rate of 18%; (4) attorneys' fees and costs in the amount of $31,397.75, as of February 23, 2017, and accruing thereafter; and (5) all costs of court. Dkt. 10.

*1. Judgment of Amount Due under Guaranty Agreements*

People's United seeks damages under the guaranty and loan agreements in the amount of $249,063.09. *Id.* A guarantor's liability is not affected by the discharge of a borrower's debt in bankruptcy. *See* 11 U.S.C. § 524(e). Section 524(e) preserves the creditor's claims against guarantors, and provides an avenue for creditors to freely prosecute those claims. *See In re Sandy Ridge Dev. Corp.*, 881 F.2d 1346, 1351 (5th Cir. 1989).

Under the loan agreement, Forest's default allows People's United to accelerate the maturity of the accrued and unpaid indebtedness, and make the outstanding balance immediately due and payable. Dkt. 1, Ex. 1. Each defendant signed a guaranty, making the defendants "directly and unconditionally liable" for all of Forest obligations to People's United. *Id.*, Ex. 2. However, People's United fails to provide any justification for the amount of $249,063.09.

According to the complaint, the amount due on the note prior to the public sale was $487,015.64. Dkt. 1. After crediting the amount from the public sale, $257,000, the remaining balance is $230,015.64. People's United provides no basis for awarding an additional $19,047.45. Thus, the court GRANTS People's United damages in the amount of $230,015.64.

*2. Interest on the Judgment*

Post-judgment interest is allowed on any money judgment in a civil case recovered in a district court. 28 U.S.C. § 1961. Parties are free to stipulate a rate of interest different from the one prescribed in § 1961, as long as the stipulated rate is consistent with state usury and other applicable laws. *Hymel v UNC, Inc.*, 994 F.2d 260, 266 (5th Cir. 1993). The maximum rate of interest that Texas allows on a money judgment is 18% per year. Tex. Fin. Code Ann. § 304.002. The parties agreed to the maximum rate that state law permits. *See* Dkt. 1, Exs. 1–2. Thus, the court GRANTS People's United post-judgment interest at the 18% limit.

The recovery of prejudgment interest is a substantive question controlled by state law. *Wood v. Armco, Inc.*, 814 F.2d 211, 213 n.2 (5th Cir. 1987). "[A] prevailing plaintiff in a contract case tried under Texas law is entitled to an award of prejudgment interest in all but exceptional circumstances." *Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987); *see also, e.g.*, *Joy Pipe, USA, L.P. v. ISMT Ltd.*, No. 16-20293, 2017 WL 3080901, at *2 (5th Cir. July 19, 2017) (per curiam) (reiterating the Fifth Circuit's interpretation that Texas law requires equitable prejudgment interest "as a matter of course, absent exceptional circumstances"). Because the parties agreed to the maximum rate that state law permits, the court GRANTS People's United prejudgment interest at the 18% limit. *See* Dkt. 1, Exs. 1–2.

3.  *Attorneys' Fees and Costs*

The loan documents and guaranties expressly provide that the plaintiff is entitled to reasonable attorneys' fees in the event the notes are referred to an attorney for enforcement. Dkt. 1, Exs. 1–2. Courts use a two-step process to calculate reasonable attorneys' fees. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, under the twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

The movant seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours expended and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983). People's United is charged with the burden of showing the reasonableness of the hours billed, and therefore, is also charged with proving that the attorneys exercised billing judgment. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). Billing

judgment requires documentation of the hours charged and the hours written off as unproductive, excessive, or redundant. *Id.* If evidence of billing judgment is not included, the award should be reduced "by a percentage intended to substitute for the exercise of billing judgment." *Id.* The district court has broad discretion to award attorney's fees. *Energy Mgt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006). A district court may reduce the number of hours awarded if the billing documentation is vague or incomplete. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

People's United seeks $31,397.75 in attorneys' fees as of February 23, 2017, with fees continuing to accrue thereafter. Dkt. 10. People's United asserts that its counsel, Jesse S. Vogtle, Jr., Brooke Freeman, and Jonathan Grayson, have collectively expended 66.85 hours of office and court time through February 23, 2017. *Id.*, Ex. 2. Vogtle asserts that (1) he has expended 54.25 hours at a rate of $520 an hour; (2) Freeman has expended 10.6 hours at a rate of $185 an hour; and (3) Grayson has expended 2 hours at $325 an hour. *Id.* Multiplying the hours and rates for the three attorneys results in a lodestar amount of $30,821, not $31,397.75 as People's United suggests. *Id.* People's United has not met its burden of showing the amount of attorneys' fees and costs totaling $31,397.75 is reasonable. Even if the court accepted all of the enumerated time, the attorneys' fees would still only amount to $30,821. *See id.* Further, People's United has not exercised reasonable billing judgment. All of the time listed in Vogtle's affidavit was allocated to Forest's bankruptcy proceeding, not this case. People's United provides no evidence of hours expended in the instant case. Additionally, People's United did not write any time off for work that was excessive or unproductive. *See Saizan*, 448 F.3d at 800. Because People's United asks for attorneys' fees from a proceeding in a different court, the court cannot determine the reasonableness of the fees. Accordingly, People's United has not met its burden.

Without information regarding how People's United's attorneys used their time in the instant case, the court is left to guess how many hours were expended for this specific litigation. Additionally, People's United's attorneys have failed to substantiate the continued fees that they seek for the period after February 23, 2017. Therefore, due to the lack of billing judgment, the court REDUCES the plaintiff's requested amount for attorneys' fees by 75% and GRANTS People's United's attorneys' fees in the amount of $7,849.44. *See*, *e.g.*, *Compass Bank v. Solis*, No. 5:14-CV-152, 2015 WL 13119387, at *2 (S.D. Tex. Apr. 7, 2015) (awarding $4,291.50 in attorney's fees for an entry of default judgment); *Ryan Marine Services, Inc. v. Prime 8 Offshore, L.L.C.*, No. CV-G-14-298, 2015 WL 12838866, at *2 (S.D. Tex. Jan. 13, 2015) (awarding $1,721.09 in attorney's fees for an entry of default judgment); *see also Hensley*, 461 U.S. at 437 (emphasizing the discretion the district court has to determine the amount of a fee award).

  *4. Costs of Court*

Upon entry of judgment, cost should be awarded to the prevailing party. *See* Fed. R. Civ. P. 54(d)(1). Parties must maintain their own record of taxable costs. S.D. Tex. L.R. 54.2. And, the prevailing must apply for costs by filing a bill of costs within 14 days of the entry of a final judgment. *Id.* The loan documents and guaranties expressly provide that People's United is entitled to costs of court in the event the notes are referred to an attorney for enforcement. Dkt. 1, Exs. 1–2. Under the terms of the contract and the Federal Rules of Civil Procedure, the court GRANTS People's United all costs of court as provided by law.

### III. CONCLUSION

People's United's motion for default judgment (Dkt. 10) is GRANTED. The court hereby awards People's United the following:

(1) judgment in the amount of $230,015.64;

(2) prejudgment interest at the contractual default rate of 18% per annum from and after April 4, 2017, until entry of judgment;

(3) post-judgment interest at the contractual default rate of 18% as provided by law from entry of judgment until paid;

(4) reasonable attorneys' fees and costs in the amount of $7,849.44; and

(5) all costs of court as provided by law.


Signed at Houston, Texas on January 4, 2018.

_____
Gray H. Miller
United States District Judge